## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| **EVELYN AVALOS** § | |
| § | |
| V. § | CIVIL ACTION NO. 4:18-CV-00151 |
| § | |
| **THE TRAVELERS HOME AND MARINE** § | |
| **INSURANCE COMPANY, TIM ZLOGAR,** § | |
| **AND ROBERT DOUGLASS ONCKEN** § | |

### DEFENDANT'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, The Travelers Home and Marine Insurance Company, a defendant in the above entitled and numbered cause, and files this its notice of removal, and in support thereof would respectfully show unto this Honorable Court as follows:

### I.
### STATE COURT ACTION

1. This case was initially filed in the 133rd Judicial District Court of Harris County, Texas. The state court action is styled: Cause No. 2017-82394; <u>Evelyn Avalos vs. The Travelers Home and Marine Insurance Company, Tim Zlogar, and Robert Douglass Oncken</u>, originally filed in the 133rd Judicial District Court of Harris County, Texas.

### II.
### PARTIES

2. The plaintiff, Evelyn Avalos, is, upon information and belief, an individual citizen and resident of the State of Texas.

3. The defendant, The Travelers Home and Marine Insurance Company ("Travelers"), is a Connecticut corporation with its principal place of business in the State of Connecticut.

4. The defendant, Tim Zlogar ("Zlogar"), is an individual resident and citizen of the State of Pennsylvania. Further, Zlogar has been a resident and citizen of the State of Pennsylvania at all times between the date on which this lawsuit was filed and the filing of this notice of removal.

5. The defendant, Robert Douglas Oncken ("Oncken"), is, upon information and belief, an individual resident and citizen of the State of Texas. Significantly, however, Oncken, and the plaintiff's claims against Oncken, have been improperly joined to this suit. Accordingly, Oncken's citizenship should be disregarded for the purpose of determining this Court's jurisdiction over the plaintiff's claims against Travelers.

### III.
### JURISDICTION

6. This Court has jurisdiction over the subject matter of this cause pursuant to 28 U.S.C. § 1332 because this is a civil action in which the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and represents a dispute for which all parties or all properly joined parties are citizens of different states.

7. With respect to Zlogar, Zlogar is an individual resident and citizen of the State of Pennsylvania and has been a resident and citizen of the State of Pennsylvania at all times between the date on which this lawsuit was filed and the filing of this notice of removal. Further, by letter dated January 19, 2018, Travelers has formally elected to accept whatever liability Zlogar might have to the plaintiff for Zlogar's acts and omissions related to the insurance claims made the basis of this lawsuit pursuant to Section

542A.006(c) of the Texas Insurance Code and provided written notice of such election to counsel for the plaintiff as required by Section 542A.006(a) of the Texas Insurance Code. As such, by operation of law, all claims brought by the plaintiff against Zlogar shall be dismissed with prejudice such that Zlogar is no longer a party to the lawsuit.

8. Additionally, as to Oncken, the plaintiff has improperly joined Oncken to this suit. As such, Oncken's citizenship should be disregarded for the purpose of determining this Court's jurisdiction over the plaintiff's claims against Travelers. As the plaintiff is a resident and citizen of Texas and Travelers is a citizen of Connecticut, this cause is removable pursuant to 28 U.S.C. § 1441 and § 1446 and the case law construing and applying same.

**A. The doctrine of improper joinder is an exception to the rule of complete diversity entitling a defendant to remove to a federal forum unless an in-state defendant has been properly joined.**

9. A defendant may remove an action to federal court if that court would have original jurisdiction over the case. 28 U.S.C. § 1441(a). To establish subject-matter jurisdiction based on diversity, complete diversity of citizenship must exist among the parties, and the amount in controversy must exceed $75,000.00. 28 U.S.C. § 1332. However, under the doctrine of improper joinder, a case may be removed despite the presence of a non-diverse defendant if that defendant was joined improperly, i.e., without a legal basis to do so. Barclay v. State Farm Lloyds, 2015 U.S. Dist. LEXIS 38091, at *3 (S.D. Tex. 2015). "The doctrine of improper joinder…prevents defeat of federal removal jurisdiction premised on diversity by the presence of an improperly joined, non-diverse defendant." Dalton v. State Farm Lloyd's, Inc., 2013 U.S. Dist. LEXIS 86490, *14-15 (S.D. Tex. 2013). Citizenship of an improperly joined party is totally disregarded in determining

the court's subject matter jurisdiction.  Smallwood v. Illinois Cent. R.R. Co., 385 F.3d 568, 572 (5th Cir. 2003).

10.  "A defendant is improperly joined if the moving party establishes that (1) the plaintiff has stated a claim against a diverse defendant that he fraudulently alleges is nondiverse, or (2) the plaintiff has not stated a claim against a defendant that he properly alleges is nondiverse." Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Group, Ltd., 818 F.3d 193, 199 (5th Cir. 2016) (citing Smallwood, 385 F.3d at 573).  A defendant claiming improper joinder based on the latter standard must demonstrate "that there is no possibility of recovery by the plaintiff against [a nondiverse] defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against [a nondiverse] defendant." Int'l Energy Ventures, 838 F.3d at 200 (quoting Smallwood, 385 F.3d at 573).  A "reasonable basis" means more than a mere hypothetical basis.  Centro Cristiano Cosecha Final, Inc. v. Ohio Ca. Ins. Co., 2011 U.S. Dist. LEXIS 6541 (S.D. Tex. 2011).

11.  To determine whether a plaintiff has a reasonable basis for recovery under state law, the Court may conduct a Rule 12(b)(6)-type analysis by reviewing the complaint to determine if it states a claim against the in-state defendant.  Smallwood, 385 F.3d at 573.  However, the Court should first look at the pleadings to determine whether the allegations state a claim under state law against the in-state defendant. Id.  Courts may then conduct a Rule 12(b)(6)-type analysis "to determine whether the complaint states a claim under state law against the in-state defendant . . . ." Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Group, Ltd., 818 F.3d 193, 200 (5th Cir. Mar. 31, 2016) (quoting Smallwood, 385 F.3d at 573).

12. "It is well-established, of course, that the Rule 12(b)(6) analysis necessarily incorporates the federal pleading standard articulated in <u>Bell Atlantic Corp. v. Twombly</u>: To pass muster under Rule 12(b)(6), a complaint must have contained 'enough facts to state a claim to relief that is plausible on its face.'" <u>Id.</u> (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 547 (U.S. 2007)). Therefore, removal is proper when a plaintiff's pleading fails to allege facts that would plausibly lead to the conclusion that the plaintiff suffered damage due to a non-diverse defendant's conduct. <u>See</u> <u>Smallwood</u>, 385 F.3d at 573.

13. Additionally, it is undisputed that Rule 9(b) provides the federal pleading standard for fraud-based claims. <u>See</u> Fed. R. Civ. P. 9(b); <u>see also</u> <u>Int'l Energy Ventures Mgmt</u>, 818 F.3d at 209 n.63. Rule 9 requires a plaintiff to plead the "who, what, when, where, and how." <u>U.S. ex rel. Williams v. Bell Helicopter Textron Inc.</u>, 417 F.3d 450, 453 (5th Cir. 2005). "Claims alleging violations of the Texas Insurance Code and the DTPA . . . are subject to the requirements of Rule 9(b)." <u>Frith v. Guardian Life Ins. Co. of Am.</u>, 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998); <u>see also</u> <u>Columbia Mut. Ins. Co. v. Trewitt-Reed Funeral Home, Inc.</u>, 4:15-CV-568-A, 2016 WL 524597, at *2 (N.D. Tex. Feb. 5, 2016).

### B. The plaintiff has failed to allege a reasonable basis for the Court to predict the plaintiff can recover against Oncken.

14. As shown below, the plaintiff has failed to allege any specific facts against Oncken that would lead to individual liability and has thus failed to allege a reasonable basis for predicting that state law would allow recovery Oncken. Further, the plaintiff has failed to meet Rule 9(b)'s heightened pleading standard—let alone Rule 8(a)(2)'s more lenient standard—with respect to its Texas Insurance Code and DTPA claims against Oncken. Specifically, the plaintiff has failed to "state with particularity the circumstances constituting fraud" by failing to allege the "who, what, when, where, and how." <u>See</u> <u>U.S.</u>

5

ex rel. Williams, 417 F.3d at 453. This demonstrates that the plaintiff's claims against Oncken are mere formalities designed only to prevent diversity jurisdiction. Simply put, the plaintiff has articulated only sparse, non-specific, and conclusory allegations against Oncken together with near-verbatim quotations of statutory provisions the plaintiff claims Oncken violated in an effort to defeat diversity jurisdiction.

15. While certain paragraphs in the plaintiff's original petition appear to be directed at Oncken, for the most part they merely track the statutory provisions the plaintiff claims Oncken violated. See plaintiff's original petition. Specifically, the only factual allegations against Oncken are as follows:

> 12. "Plaintiff came by Travelers through the recommendation of Oncken, and ultimately purchased the Policy through Oncken. At the time the Policy was purchased, Oncken represented that the Policy Plaintiff purchased provided full coverage for hailstorm and windstorm losses."

See id. at ¶ 12. All other allegations in the plaintiff's original petition specifically against Oncken merely track the language of the various statutory provisions the plaintiff claims Oncken violated. As discussed below, federal district courts in Texas, including in the Southern District of Texas, hold that allegations made against agents functionally similar to the ones made against Oncken herein are insufficient to allege a reasonable basis for the court to predict that a plaintiff may be able to recover against the agent or adjuster, and have thus denied remand. See e.g. Barclay, 2015 U.S. Dist. LEXIS 38091.

**C. Courts in the Southern District have found improper joinder in cases nearly identical to this one.**

16. Courts in the Southern District of Texas have found improper joinder in cases nearly identical to this one involving nearly identical allegations against agent defendants on the ground that the plaintiff failed to establish a cause of action against the

6

adjuster. See e.g. Barclay, 2015 U.S. Dist. LEXIS 38091 (Miller, J.). In Barclay, Barclay sued State Farm, the agent who sold her the policy, and the adjuster who was allegedly involved in adjusting a claim that Barclay filed. The plaintiff's factual allegations against the insurance agent included: 1) "[the agent] constantly assured Plaintiff Barclay that they were adequately insured even though a reasonable and prudent insurance agent would testify otherwise;" 2) "[the agent] constantly assured Plaintiff Barclay that Defendant State Farm provided certain coverages to the insured property when apparently Defendant State Farm doesn't;" and 3) "[the agent] misrepresented to Plaintiff that the insured person was covered by such peril although Defendant State Farm denied such coverage." Against the adjuster defendant, the plaintiff alleged the adjuster found and made up excuses to delay and deny paying the plaintiff's claim, made false statements pertaining to coverage of insurance, failed to properly adjust the claim, and summarily denied the claim with obvious knowledge and evidence of a covered peril. Based on these allegations, Judge Miller held that the plaintiff did not assert a reasonable basis on which to recover under any of the claims she brought against the agent or the adjuster, and thus denied the plaintiff's motion to remand.

17. Here, the plaintiff's allegations against Oncken are similar, if not identical, to the allegations made against the agent defendant in Barclay where remand was denied on the ground that the plaintiff failed to allege a reasonable basis for the court to predict that the plaintiff could recover against either the agent defendant or the adjuster defendant. Based on this authority, the plaintiff's claims against Oncken have been improperly joined and Oncken's citizenship should be disregarded for the purpose of assessing diversity jurisdiction with respect to the plaintiff's claims against Travelers.

7

## IV.
## TIMELINESS

18. Travelers was served with process and the plaintiff's original petition on December 22, 2017. Oncken was served with process and the plaintiff's original petition on December 23, 2017. Upon information and belief, Zlogar has not been served with process and the plaintiff's original petition. Thirty days have not elapsed since Travelers was served with process. Accordingly, pursuant to 28 U.S.C. § 1446, this notice of removal is timely and proper.

## V.
## ATTACHMENTS

19. Pursuant to 28 U.S.C. § 1446(a), Local Rule 3, and Local Rule 81, the following exhibits are attached hereto and incorporated herein by reference for all purposes:

    a. Exhibit A: Civil action cover sheet;

    b. Exhibit B: Copies of all executed processes in the case, if any;

    c. Exhibit C: Copies all pleadings asserting causes of action and all answers to such pleadings;

    d. Exhibit D: Copies of all orders signed by the state court judge, if any;

    e. Exhibit E: A copy of the state court docket sheet;

    f. Exhibit F: An index of matters being filed;

    g. Exhibit G: A list of all counsel of record, including addresses, telephone numbers, and parties represented;

    h. Exhibit H: Tim Zlogar's consent to removal; and

    i. Exhibit I: Robert Douglas Oncken's consent to removal.

## VI.
## CONDITIONS PRECEDENT

20. Travelers has tendered the filing fee required by the Clerk of the United States District Court for the Southern District of Texas, Houston Division, along with this notice of removal. A copy of this notice of removal is also being filed in the 133rd Judicial District Court of Harris County, Texas, and all counsel of record are being provided with complete copies.

## VII.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, The Travelers Home and Marine Insurance Company respectfully requests that the above action, styled: Cause No. 2017-82394; <u>Evelyn Avalos v. The Travelers Home and Marine Insurance Company, Tim Zlogar and Robert Douglass Oncken</u>, originally filed in the 133rd Judicial District Court of Harris County, be removed to this Court.

Respectfully submitted,

ORGAIN BELL & TUCKER, LLP
P O Box 1751
Beaumont, TX 77704-1751
(409) 838-6412
(409) 838-6959 facsimile

/s/ Greg C. Wilkins
Greg C. Wilkins
State Bar No. 00797669
Southern District Bar No. 33280
gcw@obt.com
Warren B. Wise
State Bar No. 24075299
Southern District Bar No. 1129798
wwise@obt.com

ATTORNEYS FOR DEFENDANT,
THE TRAVELERS HOME AND
MARINE INSURANCE COMPANY

## **CERTIFICATE OF SERVICE**

    I do hereby certify that on the 19th day of January, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and also forwarded it to all known counsel of record by Certified Mail, Return Receipt Requested.

                          /s/ Greg C. Wilkins
                            Greg C. Wilkins